1

**BRYAN CAVE LLP**
Andrea M. Hicks, California Bar No. 219836
2    Diane P. Cragg, California Bar No. 221121
Kate E. Hart, California Bar No. 275121
3    560 Mission Street, 25th Floor
San Francisco, CA  94105
4    Telephone:     (415) 675-3400
Facsimile:     (415) 675-3434
5    Email:         andrea.hicks@bryancave.com
                 diane.cragg@bryancave.com
6                   kate.hart@bryancave.com

7

8    Attorneys for Defendants
BANK OF AMERICA, N.A. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

9

10                **UNITED STATES DISTRICT COURT**

11                **EASTERN DISTRICT OF CALIFORNIA**

12                **SACRAMENTO DIVISION**

13

| | |
|---|---|
| 14   CHRISTOPHER J. MOENIG, | Case No. 2:14-cv-01399-KJM-EFB |
| 15         Plaintiff, | Hon. Kimberly J. Mueller |
| 16     v. | **NOTICE OF MOTION AND MOTION** |
| 17   BANK OF AMERICA, N.A. and MORTGAGE | **OF DEFENDANTS TO DISMISS** |
|    ELECTRONIC REGISTRATION SYSTEMS | **PLAINTIFF'S COMPLAINT;** |
| 18   (MERS), | **MEMORANDUM OF POINTS AND** |
|                    Defendants. | **AUTHORITIES** |
| 19 | |

[Filed concurrently with Request for Judicial Notice and [Proposed] Order]

Date:          August 22, 2014
Time:          10:00 a.m.
Courtroom:  3 - 15th Floor

Date Action Filed:  June 11, 2014
Trial Date:         Not Set

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

**TO PLAINTIFF CHRISTOPHER J. MOENIG, HIS ATTORNEY OF RECORD, AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** on August 22, 2014, at 10:00 a.m., or as soon after that as this matter can be heard, in Courtroom 3 of the above-captioned Court, located at 501 I Street, Suite 4-200, Sacramento, CA 95814, Defendants Bank of America, N.A. and Mortgage Electronic Registration Systems, Inc. will, and hereby does, move this Court, the Honorable Kimberly J. Mueller presiding, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order to dismiss the Plaintiff's Complaint for failure to state a claim upon which relief can be granted because Plaintiff fails to allege sufficient facts to support the elements of each claim. Rule 12(b)(6).

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, exhibits attached to the Request for Judicial Notice ("RJN"), all pleadings and papers on file in this action, and such other and further matters as the Court may consider.

Dated:  July 9, 2014

Respectfully submitted,

**BRYAN CAVE LLP**
Andrea M. Hicks
Diane P. Cragg
Kate E. Hart

By: */s/ Diane P. Cragg*
      Diane P. Cragg
Attorneys for Defendants
BANK OF AMERICA, N.A. and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

1
2

**Table of Contents**

<u>**Page**</u>

3   I.  INTRODUCTION ..................................................................................................... 1

4   II. FACTUAL BACKGROUND...................................................................................... 1

5   III. LEGAL STANDARD .............................................................................................. 2

6   IV. THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO STATE
       A CLAIM UPON WHICH RELIEF CAN BE GRANTED .................................... 3

7       A.  The Complaint Fails to State a Claim for Relief that is Plausible on Its Face ......... 3

8       B.  Plaintiff Has No Standing Because He Fails to Allege Tender ................................. 4

9       C.  Plaintiff Lacks Standing to Challenge Defendants' Authority to Foreclose ........... 5

10      D.  Plaintiff's Allegations of Defect in Chain of Title Are Demonstrably False ........... 7

11      E.  Plaintiff Cannot State a Claim for Declaratory Relief............................................. 8

12      F.  Plaintiff Cannot State a Claim for Breach of Good Faith and Fair Dealing............. 8

13      G.  Plaintiff's Third Cause of Action for Injunctive Relief Fails ................................ 10

14  V.  MOTION FOR A MORE DEFINITE STATEMENT ........................................... 10

15  VI. CONCLUSION....................................................................................................... 11

16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

**Table of Authorities**

<u>Page</u>

**Cases**

*Abdallah v. United Savs. Bank,*
  43 Cal. App. 4th 1101, 1109 (1996) ......................................................4

*Aguilar v. Bocci,*
  39 Cal. App. 3d 475, 477 (1974) ............................................................4

*Alicea v. GE Money Bank,*
  2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) ............................4

*American States Ins. Co. v. Kearns,*
  15 F.3d 142 (9th Cir. 1994) ....................................................................8

*Aniel v. GMAC Mortg., LLC,*
  2012 WL 5389706 (N.D. Cal. Nov. 2, 2012) ........................................8

*Arnolds Management Corp. v. Eischen,*
  158 Cal. App. 3d 575 (1984) ..............................................................4, 5

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ................................................................................2

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) .............................................................................2, 3

*Durning v. First Boston Corp.,*
  815 F.2d 1265 (9th Cir. 1987) ................................................................2

*Ebay Inc., v. MercExchange LLC,*
  547 U.S. 388 (2006) ..............................................................................10

*Fontenot v. Wells Fargo Bank, N.A.,*
  198 Cal. App. 4th 256, 266 (2011) .........................................................7

*FPCI RE-HAB 01 v. E & G Invs., Ltd.,*
  207 Cal. App. 3d 1018 (1989) ................................................................5

*Ganesan v. GMAC Mortgage, LLC,*
  2012 WL 4901440 (N.D. Cal. Oct. 15, 2012) .......................................8

*Gomes v. Countrywide Home Loans, Inc.,*
  192 Cal. App. 4th 1149 (2011) ...............................................................6

*Grand River Enter. Six Nations, Ltd v. Pryor,*
  481 F.3d 60 (2d Cir. 2007) ...................................................................10

*In re Microsoft Corp. Antitrust Litig.,*
  333 F.3d 517 (4th Cir. 2003) ................................................................10

*Karlsen v. Am. Sav. & Loan Ass'n,*
  15 Cal. App. 3d 112 (1971) ....................................................................4

*Lane v. Vitek Real Estate Indus. Group,*
  713 F. Supp. 2d 1092 (E.D. Cal. 2010) ..................................................7

*Marlin v. AIMCO Venezia, LLC,*
  154 Cal. App. 4th 154 (2007) ...............................................................10

*Martinez v. America's Wholesale Lender,*
  2010 U.S. Dist. LEXIS 23615, at *11 (N.D. Cal. Mar. 12, 2010) ........6

*Navarro v. Block,*
  250 F.3d 729 (9th Cir. 2001) ..................................................................2

*Ne. Ohio Coal. For Homeless & Serv. Employees Int'l Un. v. Blackwell,*
  467 F.3d 999 (6th Cir. 2006) ................................................................10

*Newman v. Bank of New York Mellon* ....................................................7

*Partington v. Bugliosi,*
  56 F.3d 1147 (9th Cir. 1995) ..................................................................2

*Roque v. Suntrust Mortg., Inc.,*
  No. C-09-00040 RMW, 2010 U.S. Dist. LEXIS 11546, at *8 (N.D. Cal. Feb. 9, 2010) ..............6

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

*Shamsian v. Atl. Richfield Co.*,
  107 Cal. App. 4th 967 (2003)................................................................................................10
*Smith v. City of Jackson*,
  544 U.S. 228 (2005)................................................................................................................3
*Tamayo v. World Sav. Bank*,
  No. 08-2287, 2009 U.S. Dist. LEXIS 73298, at **18-19 (S.D. Cal. July 23, 2009) ...................4
*Vasquez v. L.A. Cnty.*,
  487 F.3d 1246 (9th Cir. 2007)................................................................................................3
*Walker v. Houston*,
  215 Cal. 742 (1932) ................................................................................................................4
*Yvanova v. New Century Mortgage Corporation* (2014),
  226 Cal. App. 4th 495, 501-502 ............................................................................................7

**Statutes**

28 U.S.C. § 2201(a) ....................................................................................................................10
Cal. Civ. Code § 2936.................................................................................................................8
Cal. Civ. Proc. Code § 1061 .....................................................................................................10

**Other Authorities**

74 Am. Jur. 2d (2001) Tender § 1 ..............................................................................................4
Black's Law Dictionary 1507 (7th Ed. 1999)............................................................................4

**Rules**

Fed. R. Civ. P. 12(b)(6) .........................................................................................................2, 13
Fed. R. Civ. P. 12(e) ..................................................................................................................12
Federal Rule of Civil Procedure, Rule 8....................................................................................3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

DEFENDANTS' NOTICE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff Christopher Moenig ("Plaintiff") brings this Complaint against Bank of America, N.A. ("BANA") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") alleging that Defendants lack standing to enforce the Deed of Trust because they have not provided Plaintiff with evidence of the chain of title.  Plaintiff admits that California law does not allow him to require Defendants to demonstrate their authority to foreclose, yet Plaintiff asks the Court to do precisely that, by seeking a judgment from the Court which declares the rights of the parties to the property at issue and determines that BANA breached the implied covenant of good faith and fair dealing by failing to provide Plaintiff with documents showing that BANA has been assigned Plaintiff's loan.

There is no dispute that Plaintiff is in default.  In fact, Plaintiff admits that he stopped making loan payments in July 2013.  (Compl. ¶ 41.)  Yet Plaintiff seeks to prevent foreclosure of by bringing these conclusory and meritless claims against Defendants, based upon his admittedly untenable legal theories, none of which give rise to a plausible claim for relief.  Notably, the Complaint lacks any allegation that Plaintiff has tendered, or is willing and currently able to tender, the entire amount due on the loan.  Plaintiff admits that California Civil Code § 2924 does not allow Plaintiff to challenge Defendants' authority to foreclose, so he brings this action pre-emptively, recognizing that he has not made his mortgage payments in more than one year. (Compl. ¶¶ 20-21, 41.)

For these reasons, and the additional reasons stated below, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and the Complaint should be dismissed with prejudice.

## II.   FACTUAL BACKGROUND

On February 5, 2008, Plaintiff obtained a loan in the amount of $417,000.00 from Plaza Home Mortgage, Inc. ("Plaza"), which was secured by a Promissory Note and a Deed of Trust recorded on February 14, 2008.  (Compl. ¶¶ 23, 25; Request for Judicial Notice "RJN" Ex. A.)

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1   The Deed of Trust identifies Plaza as Lender, MERS as Beneficiary and Commonwealth Land

2   Title Company as Trustee.  (RJN Ex. A.)  Pursuant to an Assignment of Deed of Trust recorded on

3   October 18, 2013, MERS assigned all beneficial interest in the Deed of Trust to BANA.  (RJN Ex.

4   B.)

5          Plaintiff admits he ceased making payments on the loan in July 2013.  (Compl. ¶ 41.)

6   Plaintiff does not allege that foreclosure proceedings have been initiated, but only that they could

7   be, in light of his default.  (*See* Compl. ¶¶ 19-21.)  Despite the fact that Plaintiff requests that

8   foreclosure be enjoined, Plaintiff has not alleged that he has tendered or is even willing to tender

9   the full amount owing on the loan. Plaintiff does not allege any facts regarding the conduct of

10  BANA or MERS that would support any cause of action against Defendants.  (*See* Compl.,

11  *generally*.)

12  **III.    LEGAL STANDARD**

13         A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal

14  sufficiency of the complaint.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Mere

15  "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not

16  suffice to overcome a motion to dismiss.  *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544,

17  555 (citations omitted).  Rather, the plaintiff must allege sufficient facts to state a claim that is

18  "plausible on its face," which means that it "allows the court to draw the reasonable inference that

19  the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678

20  (internal quotations and citations omitted).  Moreover, the court need not accept as true "legal

21  conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

22  conclusory statements, do not suffice."  *Id.*  When considering a motion to dismiss, the court

23  should also disregard allegations that are contradicted by exhibits to the complaint, or by

24  documents referred to in the complaint and considered pursuant to judicial notice.  *Durning v.*

25  *First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

26         Furthermore, a court need not grant leave to amend, where amendment would be futile.

27  *See Partington v. Bugliosi*, 56 F.3d 1147, 1162 (9th Cir. 1995);*Vasquez v. L.A. Cnty.*, 487 F.3d

28

1246, 1258 (9th Cir. 2007) ("Granting Vasquez leave to amend would have been futile, and we hold that the district court did not err in preventing such futility.").

## IV.   THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A.   The Complaint Fails to State a Claim for Relief that is Plausible on Its Face

The facts that Plaintiff alleges in the Complaint are not sufficient to state a cause of action. Many of Plaintiff's allegations are mere "labels and conclusions" that do not suffice to overcome a motion to dismiss. *Twombly* 550 U.S. at 545.  (*See e.g.,* Compl. at ¶ 52 ("The Plaza Mortgage endorsement of the Note to Countrywide Bank, FSB does not constitute a valid assignment of its rights in the Deed of Trust in accordance with Civil Code 2210."); ¶ 53 ("Absent any documentation to the contrary, B of A's all-stock purchase of Countrywide Bank's stock did not automatically confer upon B of A the status of successor or assignee of Plaza's rights (if any) under the Deed of Trust"); ¶ 57 ("B of A's November 4, 2013 assurance to Moenig that he could obtain copies of any assignments of mortgage or deed of trust required to demonstrate [B of A's] 'right to foreclose under applicable state law' is an illusory promise, because under *Fontenot*, B of A has no duty to do so.").)

Moreover, Plaintiff's Complaint fails to satisfy even the most basic pleading requirements of Rule 8, which serves a gatekeeper function, vesting a district court with "the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly* 550 U.S. at 558 (citation omitted).  A plaintiff must allege a focused, specific claim. *Smith v. City of Jackson* (2005) 544 U.S. 228, 241.  The complaint must contain enough factual allegations to "raise a right to relief above the speculative level." *Twombly* 550 U.S. at 545.  A defendant must have fair or meaningful notice of the specific conduct of which it is alleged to be a part. *Id.* at 554.

A review of the Complaint reveals that Plaintiff's allegations do not satisfy this standard. Plaintiff's Complaint is nothing more than a series of conclusory claims without any reference to facts specific to his loan and any purported transfer of the Note and Deed of Trust.  Where Plaintiff does reference facts, they are not specifically tied to legal claims that he seeks to assert,

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

but are merely speculative assertions.  As such, Defendants do not have fair and meaningful notice of the claims alleged against them.

**B.**  **Plaintiff Has No Standing Because He Fails to Allege Tender**

Plaintiff's Complaint should be denied because he does not allege tender and thus has no standing to challenge or enjoin foreclosure proceedings.  In order to challenge the foreclosure process, Plaintiff must allege tender of the amount due and owing under the loan.  Tender is "an unconditional offer of payment consisting in the actual production, in current coin of the realm, of a sum not less than the amount due on a specific debt or obligation."  74 Am. Jur. 2d (2001) Tender § 1, p. 530 (*citing Walker v. Houston* (1932) 215 Cal. 742); *see also* Black's Law Dictionary 1507 (7th Ed. 1999).

"When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure."  *Alicea v. GE Money Bank*, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) (*citing* California case law); *see also Aguilar v. Bocci* (1974) 39 Cal. App. 3d 475, 477 (A trustor cannot "quiet title without discharging his debt.  The cloud upon his title persists until the debt is paid."); *see also Tamayo v. World Sav. Bank*, No. 08-2287, 2009 U.S. Dist. LEXIS 73298, at **18-19 (S.D. Cal. July 23, 2009) (dismissal proper where pleadings reveal plaintiff's inability or unwillingness to pay and do not contain any allegations of tender).

The tender requirement applies to any claim "implicitly integrated" with the foreclosure sale.  *See Abdallah v. United Savs. Bank* (1996) 43 Cal. App. 4th 1101, 1109; *Arnolds Management Corp. v. Eischen* (1984) 158 Cal. App. 3d 575, 579 (affirming demurrer without leave to amend on claims of wrongful foreclosure, fraud, and negligence relating to foreclosure sale); *Karlsen v. Am. Sav. & Loan Ass'n* (1971) 15 Cal. App. 3d 112, 121.  The tender requirement serves two primary purposes.  <u>First</u>, it shows injury in fact: "if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs."  *FPCI RE-HAB 01 v. E & G Invs., Ltd.* (1989) 207 Cal. App. 3d 1018,

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1022; *see Arnolds* 158 Cal. App. 3d at 580 ("To hold otherwise would permit plaintiffs to state a cause of action without the necessary element of damage to themselves").  <u>Second</u>, if plaintiffs cannot pay off the loan, cancellation of the sale "would be nothing but an idly and expensively futile act." *Arnolds* 158 Cal. App. 3d at 579.

Plaintiff here does not allege that he has tendered or is currently willing and able to tender the entire amount due to his lender.  As a matter of law and contract, Plaintiff is required to tender the full amount due under the loan.  By failing to allege facts supporting his tender of performance of the Deed of Trust, Plaintiff lacks standing to challenge or enjoin foreclosure proceedings on the property, the entire Complaint fails and the Motion to Dismiss should be granted.

### C.   <u>Plaintiff Lacks Standing to Challenge Defendants' Authority to Foreclose</u>

Plaintiff alleges that BANA has failed to provide documents evidencing its authority to foreclose on the loan.  (Compl. ¶¶ 14-15, 19, 48.)  As a general rule, plaintiffs may not bring actions for proof of a defendant's authority to foreclose. *See e.g., Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal. App. 4th 1149, 1155 (California does not "provide for a judicial action to determine whether the entity initiating the foreclosure is indeed authorized . . . .").  The California Civil Code governs the nonjudicial foreclosure process. *See e.g., In re Cedano*, 470 B.R. 522, 530 (B.A.P. 9th Cir. 2012); *Castaneda v. Saxon Mortg. Services, Inc.*, 687 F. Supp. 2d 1191, 1201 (E.D. Cal. 2009); *Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1047 (E.D. Cal. 2009).  "The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive." *Geren v. Deutsche Bank Nat.*, No. CV 11-0938 LJO GSA, 2011 WL 3568913, at *7 (E.D. Cal. Aug. 12, 2011) (*quoting Moeller v. Lien* (1994) Cal. App. 4th 822, 834. "Because of the exhaustive nature of this scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute." *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp.2d 1092, 1098 (E.D. Cal. 2010).

Plaintiff contends that Defendants must provide him with evidence of the chain of title to demonstrate authority to foreclose; however, California law contains no such requirement.  *See Roque v. Suntrust Mortg., Inc.*, No. C-09-00040 RMW, 2010 U.S. Dist. LEXIS 11546, at *8 (N.D.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1   Cal. Feb. 9, 2010) ("Uniformly among courts, production of the note is not required to proceed in

2   foreclosure and similarly no production of any chain of ownership is required"); *see also Martinez*

3   *v. America's Wholesale Lender*, 2010 U.S. Dist. LEXIS 23615, at *11 (N.D. Cal. Mar. 12, 2010).

4   By executing the Deed of Trust, Plaintiff expressly agreed that his loan could be sold one or more

5   times without prior notice to him.  (Compl. ¶ 27.)  This provision precludes a cause of action

6   based on the argument that the purchasing party lacks authority to enforce the Note and Deed of

7   Trust.  *See Gomes* 192 Cal. App. 4th at 1157.

8        In *Gomes*, the Court of Appeal rejected the borrower's attempt to "interject the courts" into

9   California's "comprehensive" non-judicial foreclosure statutes, which are designed "to provide the

10  creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting

11  debtor/trustor." *Gomes* 192 Cal. App. 4th.  The court explained, "nowhere does the statute provide

12  for a judicial action to determine whether the person initiating the foreclosure process is indeed

13  authorized" and held that there was "no ground for implying such an action." *Id*. at 1155. The

14  court held permitting such judicial intervention would "fundamentally undermine the non-judicial

15  nature of the process and introduce the possibility of lawsuits filed solely for the purpose of

16  delaying valid foreclosures." *Id.*

17       As in *Gomes*, Plaintiff seeks to "test whether the person initiating the foreclosure has the

18  authority to do so" without presenting evidence that Defendants "lack[] authority to proceed with

19  the foreclosure." *Id.* While Plaintiff seeks a determination from this Court regarding BANA's

20  authority to foreclose, the California Civil Code has specifically articulated a framework for the

21  conducting of non-judicial foreclosures, and such a judicial determination is not required.  Plaintiff

22  admits that California Civil Code § 2924 does not allow Plaintiff to challenge Defendants'

23  authority to foreclose, so he attempts to bring the proscribed litigation pre-emptively, recognizing

24  that he has not made his mortgage payments in more than one year.  (Compl. ¶¶ 20-21, 41.)

25       Plaintiff does not allege that Defendants have violated the California statutes governing

26  non-judicial foreclosure, and these statutes do not require Defendants to prove authority to

27  foreclose.  As such, Plaintiff's Complaint, wholly based on this theory, should be dismissed with

28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1    prejudice.

2    **D.      Plaintiff's Allegations of Defect in Chain of Title Are Demonstrably False**

3    In addition to his protestations that he has not been provided with satisfactory evidence of

4    the chain of title, Plaintiff specifically alleges that the endorsement of the Note to Countywide

5    Bank, FSB did not constitute a valid assignment of the Deed of Trust.  (Compl. ¶ 9.)  However,

6    the mortgage follows the note.  Cal. Civ. Code § 2936 ("The assignment of a debt secured by

7    mortgage carries with it the security."); *see e.g. Lane* 713 F. Supp. 2d 1092 (holding California

8    law does not require a beneficial interest in both the note and the deed of trust to commence a non-

9    judicial foreclosure sale and rejecting as meritless the theory that securitization of loan impacts

10   authority to foreclose as parties to a loan do not lose their interest in a loan when it is assigned to a

11   trust pool).  Furthermore, a borrower cannot state a cause of action based on "[a]n impropriety in

12   the transfer of a promissory note" because it would "affect only the parties to the transaction, not

13   the borrower." *Yvanova v. New Century Mortgage Corporation* (2014) 226 Cal. App. 4th 495,

14   501-502.

15   To the extent that Plaintiff is alleging that the October 2013 Assignment to BANA is

16   invalid, Plaintiff's conclusory allegations are meritless.  Plaintiff's allegations are expressly

17   contradicted by the judicially noticeable documents.  *See Fontenot v. Wells Fargo Bank, N.A.*

18   (2011) 198 Cal. App. 4th 256, 266 (the court may take "judicial notice not only of the existence

19   and recordation of recorded documents but also of a variety of matter that can be deduced from the

20   documents.").  Furthermore, Plaintiff lacks standing to challenge the Assignment, as he is not a

21   party to, or third party beneficiary of, the Assignment.  This very court recently held that

22   borrowers do not have standing to challenge loan assignments.  In *Newman v. Bank of New York*

23   *Mellon*, the plaintiff alleged that his loan was securitized and sold to an investment trust but the

24   relevant assignments were made after the trust's closing date, purportedly in violation of the

25   trust's PSA.  2013 WL 5603315, at *3 (E.D. Cal. Oct. 11, 2013).  The *Newman* court rejected the

26   very arguments that Plaintiff makes in the present case, stating "the alleged violation of the PSA is

27   not a proper basis for this or any cause of action in the Complaint." *Id.* (citation and emphasis

28

Bryan Cave LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1   omitted); *see also Aniel v. GMAC Mortg., LLC*, 2012 WL 5389706, at *4 (N.D. Cal. Nov. 2, 2012)

2   (plaintiffs lacked standing to challenge assignment of deed of trust based on noncompliance with

3   [PSAs]); *Ganesan v. GMAC Mortgage, LLC*, 2012 WL 4901440, at *4 (N.D. Cal. Oct. 15, 2012)

4   ("[T]o the extent Plaintiff bases her claim on the theory that Defendants allegedly failed to comply

5   with the terms of a [PSA], the Court notes that she lacks standing to do so because she is neither a

6   party to, nor a third party beneficiary of, that agreement.").

7        Plaintiff admits that BANA informed him that BANA held the Note in a letter dated

8   November 4, 2013, and the publicly recorded Assignment transferred all beneficial interest in the

9   loan to BANA.  (Compl. ¶ 43; RJN Ex. B.)  As shown herein, Plaintiff lacks standing to challenge

10  transfers of the loan or BANA's authority to foreclose.  Therefore, the Complaint should be

11  dismissed with prejudice.

12        **E.    Plaintiff Cannot State a Claim for Declaratory Relief**

13        Plaintiff contends that an actual controversy exists between Plaintiff and BANA because

14  BANA has not provided evidence of its authority to foreclose.  (Compl. ¶¶ 52-60.)  However, a

15  federal court has the power to hear a declaratory judgment action only if the case is otherwise

16  within its subject-matter jurisdiction and involves an actual controversy.  28 U.S.C. § 2201(a);

17  *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143-144 (9th Cir. 1994). A request for

18  declaratory relief may be refused where the court's declaration or determination "is not necessary

19  or proper at the time under all the circumstances."  Code Civ. Proc. § 1061.

20        As stated above, Plaintiff lacks standing to challenge Defendants' authority to foreclose.

21  As this claim is entirely based upon Plaintiff's allegations that Defendants have failed to provide

22  evidence of their authority to foreclose, Plaintiff cannot state a cause of action for declaratory

23  relief.  Therefore, there is no actual claim or controversy eligible for declaratory relief and

24  Plaintiff's cause of action should be dismissed with prejudice.

25        **F.    Plaintiff Cannot State a Claim for Breach of Good Faith and Fair Dealing**

26        As with his claim for declaratory relief, Plaintiff's cause of action for breach of the implied

27  covenant of good faith and fair dealing fails because he is seeking to require that BANA provide

28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1  proof of its authority to foreclose.  (Compl. ¶¶ 65, 68, 69.)  Plaintiff admits that the Note and Deed

2  of Trust do not require BANA to provide proof of its authority to foreclose.  (*See* Compl. ¶¶ 62-

3  64.)

4         Every contract contains an implied covenant of good faith and fair dealing that "neither

5  party will do anything which will injure the right of the other to receive the benefits of the

6  agreement." *Kransco v. Am. Empire Surplus Lines Ins. Co*, (2000) 23 Cal. 4th 390, 400

7  (quotations omitted). Thus, "[t]he implied covenant of good faith and fair dealing protects only the

8  parties' right to receive the benefit of their agreement." *Foley v. Interactive Data Corporation*

9  (1988) 47 Cal. 3d 654, 698 n.39.  Neither the Note and Deed of Trust, nor California Civil Code,

10 require Defendants to provide a borrower with evidence of the chain of title for a loan upon

11 request.  (Compl. ¶ 64); *see also* California Civil Code § 2924.

12         Moreover, "the implied covenant will only be recognized to further the contract's purpose;

13 it will not be read into a contract to prohibit a party from doing that which is expressly permitted

14 by the agreement itself."  *Wolf v. Walt Disney Pictures and Television* (2008) 162 Cal. App. 4th

15 1107, 1120; *see also Carma Developers, Inc. v. Marathon Dev. Co., Inc*, (1992) 2 Cal. 4th 342,

16 374 ("[I]f defendants were given the right to do what they did by the express provisions of the

17 contract there can be no breach."); *Chang v. Wachovia Mortg., FSB*, 2011 U.S. Dist. LEXIS

18 131791, *19-20 (N.D. Cal. Nov. 15, 2011) (rejecting a plaintiff's argument that defendants

19 breached an implied covenant of the note and deed of trust securing her loan by foreclosing on her

20 property while representing that they were reviewing her application for a loan modification, and

21 stating that the plaintiff may not use the implied covenant to "impose a duty on Defendant that

22 would prevent [it] from exercising [its] right to sell the property.").  The loan documents and

23 California Civil Code § 2924 allow foreclosure to be initiated upon default, and Plaintiff admits

24 that he is in default.  (Compl. ¶ 41.)  The initiation of foreclosure proceedings by Defendant, under

25 the Deed of Trust, cannot be the basis for a breach of implied covenant claim  Plaintiff's cause of

26 action should therefore be dismissed with prejudice.

27

28

1

### G.    Plaintiff's Third Cause of Action for Injunctive Relief Fails

2      Plaintiff also cannot state a cause of action for injunctive relief.  In California, injunctive

3  relief is a remedy, not a cause of action.  *See Marlin v. AIMCO Venezia, LLC* (2007) 154 Cal.

4  App. 4th 154, 162; *Shamsian v. Atl. Richfield Co.* (2003) 107 Cal. App. 4th 967, 984-85 ("[A]

5  request for injunctive relief is not a cause of action.  Therefore, we cannot let this 'cause of action'

6  stand.").  This "cause of action" fails for this reason alone.

7      Further, injunctive relief under federal law requires that plaintiffs plead: (1) irreparable

8  injury, (2) no adequate remedy at law, (3) a likelihood of success on the merits, (4) the balance of

9  hardships, and (5) the effect on the public interest.  *See Ebay Inc., v. MercExchange LLC* (2006)

10  547 U.S. 388, 391 (permanent injunction); *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517,

11  526 (4th Cir. 2003) (preliminary injunction); *Ne. Ohio Coal. For Homeless & Serv. Employees*

12  *Int'l Un. v. Blackwell*, 467 F.3d 999, 109 (6th Cir. 2006) (TRO).  To satisfy the irreparable injury

13  element, plaintiffs must show that: (1) they will suffer an imminent injury, and (2) the injury

14  would be irreparable.  *See Grand River Enter. Six Nations, Ltd v. Pryor*, 481 F.3d 60, 66 (2nd Cir.

15  2007).

16      Plaintiff here fails to demonstrate an irreparable injury.  Plaintiff can easily avoid initiation

17  of foreclosure proceedings against the property through reinstatement of the loan or payment of

18  the balance of loan.  Furthermore, Plaintiff offers no facts to support that Defendants lack

19  authority to foreclose, or that foreclosure would cause him any injury other than loss of the

20  property, which Plaintiff contractually acknowledged would be the result of defaulting on payment

21  of the loan. (RJN Ex. A, ¶ 22.)

22  ## V.    MOTION FOR A MORE DEFINITE STATEMENT

23      Plaintiff has failed to even mention MERS in his three causes of actions, and has failed to

24  indicate which causes of action are pled against which defendant(s).  (*See* Compl.) To the extent

25  the Court determines that Plaintiff has raised issues that Defendants have not addressed herein due

26  to the nature and format of Plaintiff's allegations, Defendants hereby move for a more definite

27  statement on the grounds that the complaint "is so vague or ambiguous that the party cannot

28

10

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1  reasonably prepare a response." Fed. R. Civ. Proc. 12(e).  Defendants respectfully request that the

2  Court in its order limit Plaintiff to pleading enumerated claims under separate headings against

3  specific Defendants.

4  **VI.**     **CONCLUSION**

5         Plaintiffs' Complaint fails to state a claim upon which relief may be granted.  For the

6  reasons set forth above, Defendants request that the Court grant Defendant's Motion to Dismiss

7  the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) with prejudice.

8

9  Dated:  July 9, 2014                          **BRYAN CAVE LLP**
                                                Andrea M. Hicks
10                                              Diane P. Cragg
                                                Kate E. Hart
11

12                                              By:  ___*/s/ Diane P. Cragg*_____
                                                      Diane P. Cragg
13                                              Attorneys for Defendants
                                                BANK OF AMERICA, N.A. and MORTGAGE
14                                              ELECTRONIC REGISTRATION SYSTEMS, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105