1

2

3

4

5

6

7

8                                     UNITED STATES DISTRICT COURT

9                                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER J. MOENIG,                             No.  2:14-cv-01399-KJM-EFB

12                  Plaintiff,

13           v.                                         ORDER

14   BANK OF AMERICA, N.A. and
     MORTGAGE ELECTRONIC
15   REGISTRATION SYSTEMS (MERS),

16                  Defendants.

17

18                  This matter is before the court on defendants' motion to dismiss plaintiff's first

19   amended complaint.  (ECF No. 21.)  Plaintiff opposes the motion.  (ECF No. 25.)  The court

20   found the motion appropriate for decision without oral argument.  As explained below, the court

21   GRANTS the motion with leave to amend.

22   I.      BACKGROUND

23                  In 2003, one Margarita Hernandez conveyed the land at 401 11th Street,

24   Sacramento, to plaintiff Christopher Moenig.  (First. Am. Compl. (Compl.) ¶ 23, ECF No. 20.)  In

25   2008, plaintiff refinanced the property with Plaza Home Mortgage, Inc. (Plaza) and signed a Note

26   and Deed of Trust in Plaza's favor.  (Id. ¶ 8.)  The Note provides in part that the lender could

27   transfer it.  (Id. ¶ 24.)  The 2008 Deed of Trust identified Plaza as the lender, Commonwealth

28   Title Company as the Trustee, and MERS as a nominee for the lender and its assigns and the

                                                   1

1    beneficiary under the security instrument. (*Id.* ¶¶ 26–27.) The Deed of Trust also notified

2    plaintiff that the Note, together with the security instrument, could be sold without prior notice to

3    the borrower. (*Id.* ¶ 28.)

4            In a letter dated February 21, 2008, Plaza told plaintiff the loan had been

5    transferred to Countrywide Home Loans, Inc., which was then the servicer on the loan. (*Id.* ¶ 29.)

6    In May 2009, Bank of America (BofA), as the new holder of the Note, began to send loan

7    statements to plaintiff. (*Id.* ¶ 31.) In April and May 2013, plaintiff sent letters to BofA and

8    MERS asking for copies of the loan documents. (*Id.* ¶¶ 32–33.) In May 2013, BofA sent a copy

9    of the Note and Deed of Trust to plaintiff. (*Id.* ¶ 36.) The Note has an endorsement on the last

10   page, stating: "PAY TO THE ORDER OF: COUNTRYWIDE BANK, FSB WITHOUT

11   RECOURSE PLAZA HOME MORTGAGE, INC. . . . ." (*Id.*) BofA notified plaintiff that it was

12   the servicer for the loan, FNMA (Fannie Mae) owned the loan, and the assignment was recorded

13   through MERS. (*Id.* ¶¶ 45–46.)

14           In May 2013, plaintiff wrote to BofA, asking for documents showing BofA had

15   been assigned the Note and Deed of Trust on the property so he could be sure payments were

16   being made to the appropriate source. (*Id.* ¶ 51.) BofA declined to provide further written

17   responses to those requests. (*Id.* ¶ 53.) In a subsequent letter, dated July 19, 2013, plaintiff once

18   again asked BofA to provide documents showing it was the assignee of the Deed of Trust, and

19   said that he would withhold payments until BofA provided such proof. (*Id.* ¶ 54.)

20           Neither BofA nor MERS has responded to plaintiff's requests, but BofA has

21   threatened to foreclose on the property. (*Id.* ¶¶ 56–67.) In December 2013, BofA sent plaintiff a

22   Borrower Response Package, which included forms for a loan modification under the Home

23   Affordable Modification Program (HAMP). (*Id.* ¶ 60.) In January 2014, plaintiff again asked

24   BofA to document its legal status as noteholder. (*Id.* ¶ 62.) BofA replied that Fannie Mae, the

25   investor, owned the loan. (*Id.* ¶ 63.) In May 2014, plaintiff's counsel sent an e-mail to Fannie

26   Mae asking for the date Fannie Mae purchased the promissory note and copies of documents

27   showing the transfer of the note to Fannie Mae. (*Id.* ¶ 64.) Fannie Mae did not provide that

28   information. (*Id.* ¶ 65.)

2

1        Plaintiff commenced this action in this court on June 11, 2014, alleging three

2   claims: (1) declaratory judgment; (2) breach of the implied covenant of good faith and fair

3   dealing; and (3) injunctive relief.  (ECF No. 1 at 8–11.)  On July 9, 2014, defendants moved to

4   dismiss plaintiff's complaint.  (ECF No. 7.)  This court granted defendants' motion, dismissing

5   plaintiff's second claim with prejudice and plaintiff's first and third claims with leave to amend.

6   (ECF No. 19 at 5–11.)  Plaintiff filed his first amended complaint on November 12, 2014,

7   identifying two claims:  (1) declaratory judgment and damages and (2) injunctive relief.  (ECF

8   No. 20 at 16–19.)  Defendants now move to dismiss plaintiff's first amended complaint.  (ECF

9   No. 21.)  Plaintiff opposes the motion (ECF No. 25), and defendants have replied (ECF No. 27).

10  II.       LEGAL STANDARD ON MOTION TO DISMISS

11        Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to

12  dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may

13  dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged

14  under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

15  1990).

16        Although a complaint need contain only "a short and plain statement of the claim

17  showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to survive a motion to

18  dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim

19  to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell

20  Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more

21  than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and

22  conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id.* (quoting

23  *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss

24  for failure to state a claim is a "context-specific task that requires the reviewing court to draw on

25  its judicial experience and common sense."  *Id.* at 679.  Ultimately, the inquiry focuses on the

26  interplay between the factual allegations of the complaint and the dispositive issues of law in the

27  action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

28  /////

3

1    In making this context-specific evaluation, this court must construe the complaint

2    in the light most favorable to the plaintiff and accept as true the factual allegations of the

3    complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).  This rule does not apply to "'a legal

4    conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) *quoted*

5    *in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to

6    judicial notice" or to material attached to or incorporated by reference into the complaint.

7    *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001).  A court's

8    consideration of documents attached to a complaint or incorporated by reference or matter of

9    judicial notice will not convert a motion to dismiss into a motion for summary judgment.  *United*

10   *States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d

11   1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977,

12   980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to

13   dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

14   III.    REQUEST FOR JUDICIAL NOTICE

15   Defendants request this court take judicial notice of five documents recorded in the

16   Sacramento County Recorder's Office: (1) the Deed of Trust dated February 5, 2008, with book

17   number 20080214, recorded on February 14, 2008; (2) the Assignment of Deed of Trust dated

18   October 16, 2013, with book number 20131018, recorded on October 18, 2013; (3) the

19   Substitution of Trustee dated July 16, 2014, with book number 20140728, recorded on July 28,

20   2014; (4) the Notice of Default and Election to Sell under Deed of Trust dated July 23, 2014, with

21   book number 20140728, recorded on July 28, 2014; and (5) the Notice of Rescission dated

22   November 4, 2014, with book number 20141106, recorded on November 6, 2014.  (ECF No. 22,

23   Exs. A–E.)

24   Plaintiff asks this court to take judicial notice of three documents: (1) Annual

25   Report 2012 from the Office of the Assessor-Recorder for the City and County of San Francisco;

26   (2) a report titled "Foreclosure in California" prepared by a mortgage regulatory compliance

27   consulting firm for the City and County of San Francisco's Office of the Assessor-Recorder; and

28   /////

4

1   (3) a Quitclaim Deed dated August 15, 2013, recorded in the Sacramento County Recorder's

2   Office, with book number 20130826, on August 26, 2013.  (ECF No. 26, Exs. A–C.)

3         A court may take judicial notice of matters of public record.  *Lee v. City of*

4   *Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  All of defendants' requested documents and

5   plaintiff's third requested document were recorded in the Sacramento County Recorder's Office

6   and their accuracy may be readily determined.  Fed. R. Evid. 201(b)(2).  These requests are

7   granted.  As to plaintiff's remaining two requests, the court does not take judicial notice of them

8   and it does not rely on those exhibits in reaching its decision here.  *See Becker v. Wells Fargo*

9   *Bank, N.A., Inc.*, No. 10-02799, 2011 WL 1103439, at *27 (E.D. Cal. Mar. 22, 2011).

10  IV.    DISCUSSION

11      A.    First Claim

12          1.    Declaratory Relief

13        Plaintiff alleges there "is no discernable chain of title establishing that [BofA] has

14  any interest in [plaintiff's] Note, Deed of Trust, or property."  (ECF No. 20 ¶ 92.)  Hence,

15  plaintiff argues BofA has no right to the property.   (*Id.* ¶¶ 96–97.)

16        Under 28 U.S.C. § 2201, a court may "declare the rights and other legal relations"

17  of the parties to an actual controversy.  "The Declaratory Judgment Act gives the Court the

18  authority to declare the rights and legal relations of interested parties, but not a duty to do so."

19  *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008).  When the relief sought

20  "will neither serve a useful purpose in clarifying and settling the legal relations in issue nor

21  terminate proceedings and afford relief from uncertainty and controversy faced by the parties," a

22  court need not grant declaratory relief.  *United States v. Washington*, 759 F.2d 1353, 1357 (9th

23  Cir. 1985).

24        "Uniformly among courts, production of the note is not required to proceed in

25  foreclosure and similarly no production of any chain of ownership is required."  *Roque v. Suntrust*

26  *Mortgage, Inc.*, No. 09-00040, 2010 WL 546896, at *3 (N.D. Cal. Feb. 10, 2010); *Putkkuri v.*

27  *Recontrust Co.*, No. 08-1919, 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009) ("Production of the

28  original note is not required to proceed with a non-judicial foreclosure.").  Plaintiff's theory of the

1    case cannot serve as a basis for declaratory relief.  *See Roque*, 2010 WL 546896, at *3; *Hafiz v.*

2    *Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) ("Plaintiff

3    entirely misstates the law in alleging that defendants must present a note in order to foreclose

4    under the deed of trust.  The facts plaintiff alleges to support her declaratory relief theory could

5    not possibly give rise to a cognizable legal claim.").  Because plaintiff has pled no bases for

6    declaratory relief, his declaratory relief claim is dismissed.

7            The court grants plaintiff leave to amend.  The court has already given plaintiff

8    leave to amend his claim for declaratory relief (ECF No. 19 at 6–8), and plaintiff has not cured

9    the deficiencies and continues to ground his request for declaratory relief on the same legal theory

10   as before.  In its discretion, however, the court finds leave to amend one more time is appropriate

11   in light of the early stage of the litigation.  *See Gardner v. Nationstar Mortgage LLC*,

12   No. 14-1583, 2015 WL 1405539, at *12 (E.D. Cal. Mar. 26, 2015).  Declaratory relief, as a form

13   of relief, may be available if plaintiff prevails and declaratory relief is shown to be an appropriate

14   remedy under the circumstances.  *See id.*  In his second amended complaint, plaintiff should

15   clarify the basis for a separate declaratory relief claim.  Plaintiff is advised to provide coherent

16   facts and cogent legal arguments to support his second amended complaint, if he can do so

17   consonant with Rule 11.

18              2.      Request for Damages

19           In amending his complaint, plaintiff now seeks damages as part of his first claim

20   as well.  Namely, he alleges BofA "initiated foreclosure proceedings against [the] property in

21   violation of Civil Code 2923.55 [sic] . . ." because the notice of default was recorded "without

22   first sending written information to [plaintiff] telling him that he had the right to request a copy of

23   the Note or other evidence of indebtedness, and a copy of any assignment of the Deed of Trust

24   required to demonstrate the right of BofA to foreclose."  (ECF No. 20 ¶ 100.)  Plaintiff also

25   alleges BofA violated California Civil Code section 2924(a)(6) "which enjoins it from recording a

26   Notice of Default or otherwise initiate [sic] a foreclosure unless it is the holder of the beneficial

27   interest under [plaintiff's] Deed of Trust.  (*Id.* ¶ 102.)

28   /////

1        Defendants respond they fully complied with all of the statutory requirements.

2    (ECF No. 21 at 6–7.)

3             a.      California Civil Code Section 2923.55(b)(1)

4        The California Civil Code provides that a servicer may not record a notice of

5    default until it sends the following information in writing to the borrower:

6        A statement that the borrower may request the following:

7        (i) A copy of the borrower's promissory note or other evidence of
           indebtedness.

8

9        (ii) A copy of the borrower's deed of trust or mortgage.

        (iii) A copy of any assignment, if applicable, of the borrower's
10        mortgage or deed of trust required to demonstrate the right of the
           mortgage servicer to foreclosure.

11

        (iv) A copy of the borrower's payment history since the borrower
12        was last less than 60 days past due.

13    Cal. Civ. Code § 2923.55(b)(1)(B).

14        In the instant case, plaintiff alleges defendants did not provide him with a written

15    statement that plaintiff could request the information described in subsections (i) and (iii) above.

16    (ECF No. 20 ¶ 100.)  But the allegations of the first amended complaint are contradictory.  On the

17    one hand, plaintiff alleges BofA "initiated foreclosure proceedings against [the] property in

18    violation of Civil Code 2923.55 [sic] . . ." because the notice of default was recorded "without

19    first sending written information to [plaintiff] telling him that he had the right to request a copy of

20    the Note or other evidence of indebtedness, and a copy of any assignment of the Deed of Trust

21    required to demonstrate the right of BofA to foreclose."  (ECF No. 20 ¶ 100.)  On the other hand,

22    plaintiff alleges BofA "provided copies of the Note and Deed of Trust . . . ."  (*Id.* ¶ 10; *see also* ¶¶

23    16, 35–36.)  These contradictory factual allegations do not meet Rule 8's requirement of a "short

24    and plain statement."  *See Rieber v. OneWest Bank FSB*, No. 13-2523, 2014 WL 1796706, at *3

25    (S.D. Cal. May 6, 2014); *see also Zamanyan v. Northland Grp., Inc.*, No. 12-01212, 2012 WL

26    2756644, at *1 (C.D. Cal. July 9, 2012) ("Zamanyan's Complaint fails against all defendants

27    because the contradictory nature of his factual allegations forecloses recovery.").  The court

28    grants defendants' motion to dismiss plaintiff's claim based on California Civil Code section

1   2923.55(b)(1)(B).  At the same time, the court gives plaintiff leave to amend to clarify the

2   contradictory factual allegations to show he is entitled to relief, if he can do so consonant with

3   Rule 11.

4                          b.      California Civil Code section 2924(a)(6)

5              California Civil Code section 2924(a)(6) provides:

6              No entity shall record or cause a notice of default to be recorded or
               otherwise initiate the foreclosure process unless it is the holder of

7              the beneficial interest under the mortgage or deed of trust, the
               original trustee or the substituted trustee under the deed of trust, or

8              the designated agent of the holder of the beneficial interest. No
               agent of the holder of the beneficial interest under the mortgage or

9              deed of trust, original trustee or substituted trustee under the deed
               of trust may record a notice of default or otherwise commence the

10             foreclosure process except when acting within the scope of
               authority designated by the holder of the beneficial interest.

11

12   Cal. Civ. Code § 2924.

13             While plaintiff makes multiple statements as to when and how various entities

14   might have been substituted as beneficiaries or trustees, the court is unable to comprehend the

15   essence of plaintiff's claims under California Civil Code section 2924(a)(6).  Accordingly,

16   plaintiff's claim under section 2924(a)(6) is dismissed with leave to amend, if plaintiff is able to

17   amend consonant with Rules 8 and 11.  *See Gardner*, 2015 WL 1405539, at *12 (granting motion

18   to dismiss and leave to amend under similar circumstances).

19             B.      Second Claim:  Injunctive Relief

20             Plaintiff argues California Civil Code section 2924.12 allows him to seek

21   "injunctive relief to enjoin a material violation of [s]ection 2923.55."  (ECF No. 20 at 19.)

22             Injunctive relief is an extraordinary remedy that may only be awarded upon a clear

23   showing that the moving party is entitled to such relief; it is never ordered as of right.  *Winter v.*

24   *Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  "To seek injunctive relief, a plaintiff must

25   show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the

26   threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to

27   the challenged action of the defendant; and it must be likely that a favorable judicial decision will

28   prevent or redress the injury."  *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

8

1        Plaintiff has alleged that BofA has threatened foreclosure and has filed a notice of

2    default.  However, plaintiff completely disregards the notice of rescission of default and notice of

3    sale dated November 6, 2014.  (ECF No. 22-5, Ex. E.)  He does not allege that foreclosure is

4    imminent.  Plaintiff has not shown he is entitled to injunctive relief.  The court grants defendants'

5    motion without prejudice.  Because defendants recorded a notice of rescission on November 6,

6    2014, only six days before plaintiff filed his first amended complaint, and plaintiff states he did

7    not know about the rescission notice at that time, the court grants plaintiff leave to amend taking

8    account of the rescission notice.  (ECF No. 25 at 15.)

9    V.    <u>CONCLUSION</u>

10       For the foregoing reasons, the court GRANTS defendants' motion with leave to

11   amend.  Plaintiff's second amended complaint is due within twenty-one (21) days from the date

12   of this order.  This order resolves ECF No. 21.

13       IT IS SO ORDERED.

14   DATED: May 7, 2015.

15

16   _____

17   UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28